# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH MORRELL, | Case No. 2:17-cv-01241-JCM-NJK |
| Plaintiff(s), | ORDER AND<br>REPORT AND<br>RECOMMENDATION |
| vs. | |
| THE STATE OF NEVADA, et al., | |
| Defendant(s). | |

On May 2 and 25, 2017, respectively, Plaintiff filed a complaint and an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Docket Nos. 1-1, 4. Additionally, on May 23, 2017, Plaintiff filed a motion to change name of respondent, in which he indicates that he would like to amend his complaint to make the State of Nevada the sole defendant in this case. Docket No. 3.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 4. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a Court additionally screens the complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When

a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff frames his complaint as being brought pursuant to 42 U.S.C. § 1983. Docket No. 1-1 at 1. Plaintiff initially named as defendants Leah Beverly, Joseph Lombardo, Douglas Gillespie, William Kephart, and Cynthia Cruz. *Id.* On May 23, 2017, however, Plaintiff filed a motion indicating that he wishes to replace these defendants with the State of Nevada, because of immunity concerns regarding the defendants named in the original complaint. Docket No. 3. This motion, which the Court construes as a motion to amend the complaint to change the identity of the

defendant, is hereby **GRANTED**.

"The Eleventh Amendment generally bars suits against states in federal court." *Ricky L. Brigance v. State of Nevada*, 2017 WL 2464438, at *2 (D. Nev. June 7, 2017) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 241 (1974)). "A state may waive its sovereign immunity, or Congress may abrogate a state's immunity." *Brigance*, 2017 WL 2464438, at *2 (citing *Ky. v. Graham*, 473 U.S. 159, 166 (1985). "A state's immunity extends to claims for both monetary and non-monetary relief." *Brigance*, 2017 WL 2464438, at *2 (citing *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999). "Additionally, the Eleventh Amendment applies to state law pendent claims as well as federal claims brought in federal court." *Brigance*, 2017 WL 2464438, at *2 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117-18 (1984).

"Congress did not abrogate state immunity by enacting 42. U.S.C. § 1983." *Brigance*, 2017 WL 2464438, at *2 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 86 (1989). Nor has the State of Nevada waived its sovereign immunity. *Brigance*, 2017 WL 2464438, at *2 (citing Nev. Rev. Stat. § 41.031(3)). Thus, Plaintiff fails to state a claim upon which relief may be granted.

Further, Plaintiff's complaint appears to call into question the validity of either a state criminal conviction or an ongoing state criminal proceeding. *See* Docket No. 1-1 at 1-15. The Supreme Court has held that a § 1983 action cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In determining whether a § 1983 claim is barred by *Heck*, the critical question is whether finding in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. *See, e.g.*, *Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011). If Plaintiff is attempting to challenge a conviction, then his claims here would necessarily imply the invalidity of that conviction and would be barred. *See, e.g.*, *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*per curiam*); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir.

1985). Plaintiff has not shown that, in the event he is challenging a conviction, there exists a subsequent decision invalidating that conviction. Given that he remains incarcerated, *see, e.g.*, Docket No. 1-1 at 14-15, the Court surmises that no such decision exists.

Additionally, even if there is not currently a conviction in the underlying state court proceeding, this Court cannot exercise jurisdiction over Plaintiff's claims to the extent they relate to his criminal prosecution. "In our American system of dual sovereignty, each sovereign – whether the Federal Government or a State – is responsible for the administration of its own criminal justice system." *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (*en banc*) (internal quotation marks and citation omitted). The Supreme Court has long made clear that, to further the interests of comity, federal courts may not interfere with pending state criminal prosecutions, even when they raise issues regarding federal rights or interests, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 44 (1971). A federal court must abstain under *Younger* if four conditions exist:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). Assuming that Plaintiff's state criminal proceedings are ongoing, all of these conditions exist in this case.

### III. Order

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* without having to pay the full filing fee, Docket No. 4, is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

Based on the information provided regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee. *See* Docket No.

4

4 at 4-5. Plaintiff will, however, be required to make monthly payments toward the full $400 filing fee when he has funds available. Accordingly, **IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **KENNETH MORRELL, PRISON #2837408** (in months that the account exceeds $10.00) until the full $400 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint to change the identity of the defendant, Docket No. 3, is **GRANTED**. The Court **INSTRUCTS** the Clerk's Office to update the docket to reflect the fact that Plaintiff is attempting to pursue an action against the State of Nevada.

## IV. Report and Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** that this case be dismissed without prejudice because amending the complaint would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (*en banc*) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

IT IS SO ORDERED.

DATED: June 23, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal

5

has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).