UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KENNETH MORRELL,

                Plaintiff(s),

    v.

THE STATE OF NEVADA, et al.,

                Defendant(s).

Case No. 2:17-CV-1241 JCM (NJK)

ORDER

Presently before the court is Magistrate Judge Koppe's report and recommendation ("R&R"). (ECF No. 5). Also before the court is plaintiff Kenneth Morrell's motion for writ of mandamus. (ECF No. 11).

**I.     Legal Standard**

    *i.     Review of a report and recommendation*

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

employed by the district court when reviewing a report and recommendation to which no objections were made).

### ii. Screening a complaint

Upon granting a request to proceed *in forma pauperis*, the court then screens the complaint under 28 U.S.C. § 1915(e)(2). Federal courts may dismiss an action if it (1) is legally "frivolous or malicious," (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Section 1915 conserves judicial resources by empowering courts to dismiss actions that "fall somewhere between the frivolous and the farcical and so foster disrespect for our laws." *Crawford-El v. Britton*, 523 U.S. 574, 601 (1998) (Kennedy, J., concurring).

Where the litigant files *pro se*, courts use "less stringent standards" when considering the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

If the court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure the complaint's deficiencies, unless it is clear from the face of the complaint that amendment would be futile. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted). Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See id.* at 1105 n.2 (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims).

## II. Discussion

Plaintiff has not formally objected to the R&R. However, plaintiff's filings are *pro se*, and thus this court construes them liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). Thus, the court construes plaintiff's motion to

compel discovery (ECF No. 6) as an objection.  *See id.*  Although plaintiff does not adequately address or brief objectionable issues related to the R&R in plaintiff's motion to compel, and thus the court need not conduct a *de novo* review of the R&R, *see Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991), the court will review the screening order *de novo* to ensure finality in the present case.

The Supreme Court has held that a prisoner cannot bring a § 1983 claim to collaterally attack a criminal conviction unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  In considering whether a § 1983 claim is barred by *Heck*, courts ask whether a ruling favoring the plaintiff would necessarily imply that plaintiff's conviction or sentence is invalid.  *See, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011).  If plaintiff's requested relief would necessarily imply the invalidity of plaintiff's conviction, then plaintiff's claim is barred under *Heck*.  *See, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*per curiam*).

Absent extraordinary circumstances, federal courts may not interfere with pending state criminal prosecutions, even when they raise issues related to federal rights or interests.  *Younger v. Harris*, 401 U.S. 37, 44 (1971).  Federal courts must abstain from interfering with state prosecutions under *Younger* if:

> (1) a state initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) ("*San Jose*").

Here, plaintiff's complaint is unclear as to whether a final judgment of conviction exists or whether state criminal proceedings are ongoing.  (*See* ECF No. 1-1 at 14–15).  Nevertheless, under either circumstance, plaintiff may not use § 1893 as a collateral attack mechanism.  *See Cabrera*, 159 F.3d at 380; *San Jose*, 546 F.3d at 1092.  Therefore, plaintiff's claim, when liberally construed,

James C. Mahan
U.S. District Judge

does not state a cause of action upon which relief could be granted and will be dismissed. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff's motion for writ of mandamus is effectively a motion to reconsider Magistrate Judge Koppe's denial of plaintiff's motion to compel discovery. (*See* ECF No. 11 at 1) ("Wherefore these stated concerns, Plaintiff would request reversal in part of motion for discovery."). As the court dismisses the action for failure to state a claim, the motion is moot.

**III.  Conclusion**

Dismissal pursuant to 28 U.S.C. § 1915(e)(2) is appropriate. As plaintiff could not amend his complaint to state a cause of action upon which relief could be granted, the court will dismiss with prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Koppe's R&R (ECF No. 5) be, and the same hereby is, adopted in its entirety.

IT IS FURTHER ORDERED that the instant case be, and the same hereby is, DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's motion for writ of mandamus (ECF No. 11) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED September 7, 2017.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 4 -